**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

|  |  |  |
|---|---|---|
| **JOSHUA HACKWORTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:11cv728-DWD** |
| | ) | |
| **SAMUEL B. BRYAN, <u>et</u> <u>al.</u>,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on the Plaintiff's Motion for Remand (ECF No. 9). The matter has been thoroughly addressed by the parties' submissions and the Court has entertained oral argument on the matter. For the reasons stated herein, the Court shall GRANT the Plaintiff's Motion for Remand (ECF No. 9).

## I. BACKGROUND

On May 9, 2011, Joshua Hackworth ("Hackworth" or "Plaintiff") initiated this personal injury[1] action in the Circuit Court of the County of Spotsylania, naming as defendants both Samuel Bryan ("Bryan") and Samburg Express Corporation ("Samburg" or, collectively with Bryan, "Defendants"). Bryan, who also serves as Samburg's resident agent for service of process, resides at 7098 Blue Sky *Drive*, Locust Grove, Georgia 30248. (Def.'s Mem. Sup. Obj. Pl.'s Mot. Remand ("Def.'s Mem.") at Ex. 5, ECF No. 11-5 (emphasis added).)

---

[1] The allegations giving rise to the personal injury action are not relevant to the resolution of the pending motion and, accordingly, will not be recited in this Memorandum Opinion.

On May 19, 2011, Hackworth served the summons and complaint on the Secretary of the Commonwealth of Virginia (the "Secretary") as the statutory agent for service of process for the Defendants pursuant to Va. Code § 8.01-329. (Def.'s Mem. at Exs. 2, 3.) Using the address provided to it -- 7098 Blue Sky *Road*, Locust Grove, Georgia 30248 -- the Secretary then mailed the pleadings to the Defendant by certified U.S. mail, as required by Virginia law. (Id. (emphasis added).) Although the Secretary sent the pleadings to an address on Blue Sky *Road*, as opposed to Blue Sky *Drive*, the documents arrived at their intended destination on May 31, 2011, with Bryan's wife signing the postal certificates to that effect. (Pl.'s Resp. to Def.'s Suppl. Obj. to Pl.'s Mot. Remand ("Pl.'s Resp.") at Ex. A, ECF No. 15; Decl. Samuel B. Bryan ("Bryan Decl.") at ¶ 4, ECF No. 16.) However, according to Bryan, his wife never provided those documents to him. (Bryan Decl. at ¶ 5.)

Defendants removed the state court matter to this Court on November 4, 2011, asserting, *inter alia*, that service on the Secretary was defective because an incorrect address was used. (Notice of Removal at ¶ 6.) Accordingly, the Defendants argue that the thirty (30) day time limit for removal of actions to federal courts has not yet expired. 28 U.S.C. § 1446(b)(1); (Def.'s Mem. at 1-2.) Hackworth does not challenge the existence of complete diversity or whether the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) -- the statutory prerequisites for this Court to exercise subject matter jurisdiction. Instead, he argues that removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) because service was properly made on the Secretary and, ultimately, the pleadings arrived at the Defendants' actual address in May 2011, almost six (6) months before the case was removed.[2]

---

[2] In his Motion to Remand, Hackworth also requested his attorney's fees and costs incurred by reason of removal. However, he withdrew such request at oral argument, and so the Court will not address that issue.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must remove a case from state court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." As the Supreme Court has explained, the time limit for removal does not begin until formal service of process is secured. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350-51 (1999). Thus, determining the timeliness of removal requires the Court to determine whether, and at what moment in time, a defendant has been effectively served.

Although Fed. R. Civ. P. 4(e)(1) incorporates state law methods for service of process, the effectiveness of service remains a procedural matter governed by federal legal standards. See Hanna v. Plumer, 380 U.S. 460, 463-66 (1965) (reversing an appellate court decision that incorrectly held that service of process rules were substantive, as opposed to procedural law). Generally, the plaintiff bears the burden of proof to establish that service was effective and complied with applicable federal or state rules. Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). In regard to the issue of the adequacy of service, the Fourth Circuit, the appellate jurisdiction governing this Court, has provided the following guidance:

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

## III. DISCUSSION

Because the Plaintiff has the burden of proving effective service, the Court first assesses the sufficiency of such evidence.  Here, Hackworth has submitted an Affidavit of Service from the Secretary which shows that service was made on May 19, 2011, and that the Secretary forwarded the pleadings to the Defendants at the correct address, save for the technical error that the word "Road" was employed instead of the word "Drive."  Moreover the evidence establishes that the materials mailed by the Secretary actually arrived at the intended destination, regardless of whether the address identified was "Blue Sky Drive" or "Blue Sky Road."  (Pl.'s Resp. at Ex. A.)  There is no evidence disputing such a fact.  Thus, the sole issue is whether, as a matter of law, the discrepancy in the address caused service on the Secretary to be ineffective.

The Defendants cite McIntyre v. Wright for the proposition that the exact proper address must be used by the Secretary of the Commonwealth for service to be proper pursuant to Va. Code § 8.01-329.  33 Va. Cir. 142, 145 (1993).  However, McIntyre does not stand for so broad a proposition.  In that case, the Secretary had forwarded the pleadings to the defendant's former address in Virginia, as opposed to his last known address, which was located in Maryland.  Id. Obviously, the pleadings could not be expected to arrive at the Maryland address to which the plaintiff intended the Secretary to send them.  There, service was ineffective because the pleadings were not mailed to the defendant's last known address, but to a prior address *known to be no longer in use*.  Id. at 142-43 (emphasis added).

The situation in McIntyre is very different from the situation now before the Court.  Here, the Plaintiff provided a slightly incorrect address which was nevertheless sufficient to ensure that the documents actually arrived at the intended location -- the Defendants' last known address.  It

is not the case that the Secretary sent the pleadings to the wrong address, as those pleadings actually arrived at the Defendants' residence.

"When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, 733 F.2d at 1089. Indeed, the Supreme Court of Virginia has explicitly rejected the Defendants' arguments, holding that service is not invalidated where an omission in the address "could not result in delivery to any location other than the . . . correct address." Basile v. Am. Filer Serv., Inc., 340 S.E.2d 800, 802 (Va. 1986). Where, as here, a mere technical error has had no effect whatsoever on the effectiveness of service, such an oversight is immaterial. Accordingly, service of process was effective in this case so as to commence the deadline for removal to federal court.

It is also of no import that Bryan's wife did not actually give the pleadings to Bryan. The Supreme Court of Virginia has held that, "so long as the requirements of Code § 8.01-329 are met . . . there is no basis under § 8.01-329 for invalidating service on the [Secretary of the Commonwealth] because of the defendant's failure to receive actual notice of the suit . . ." Prince Seating Corp. v. Rabideau, 659 S.E.2d 305, 307 n.3 (Va. 2008). Because the pleadings arrived at the intended address, it is irrelevant whether the Defendant actually received them, at least for purposes of determining whether statutory service is effective. Accordingly, the Court concludes that service was made on the Defendants in accordance with Va. Code § 8.01-329, and that such service was effective at least as early as May 31, 2011.[3]

---

[3] At oral argument, counsel for the Defendant emphasized the use of the word "receipt" in the removal statute, as opposed to merely service of process. 28 U.S.C. § 1446(b)(1). However reasonable this construction of the statute may be, receipt cannot be read to require actual notice given the Supreme Court's holding in Murphy Bros., 526 U.S. 344. In that case, the Supreme Court held that the removal period is "triggered" by formal service of process. Id. at 350-51. Moreover, in Virginia, it is well-established that actual receipt of the pleadings need not be

Here, where an apparent scrivener's error had no impact on service on the Defendants, the Court concludes that the time limit for removing the case to federal court began no later than the moment that the pleadings arrived at the Defendant's address on May 31, 2011. Accordingly, Defendants' attempt to remove the matter from state to federal court on November 4, 2011 was untimely.  Such a conclusion is also in concert with the general rule that removal statutes should be strictly construed against removal.  <u>See</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941).

## IV. CONCLUSION

For the reasons set forth herein, the Plaintiff's Motion for Remand (ECF No. 9) shall be GRANTED.

An appropriate Order shall issue.


                                                    _____/s/_____
                                                    Dennis W. Dohnal
                                                    United States Magistrate Judge

Richmond, Virginia
Dated: <u>January 12, 2012</u>

---

established when service is made on the Secretary of the Commonwealth pursuant to Va. Code § 8.01-329.  <u>Prince Seating Corp.</u>, 659 at 307 n.3.  Thus, Defendant's argument must fail.